UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JOSEPH NED HENRY, FR., et al          CIVIL ACTION 09-01479


VERSUS                                U.S. DISTRICT JUDGE DEE DRELL


UNION PACIFIC RAILROAD COMPANY
                                      U.S. MAGISTRATE JUDGE JAMES D.
                                      KIRK

## REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **Doc. #10**, referred to me by the district

judge for report and recommendation.

This is a  suit in which plaintiffs seek a mandatory injunction ordering the railroad to

reopen a  crossing which, until it was closed in July of this year, has, since 1901, continuously

allowed vehicular access to plaintiffs' property, some 500 acres of agricultural land. The petition

alleges that the  crossing has historically been the only access to the property. Suit was filed by

verified petition  in state court in Natchitoches Parish and removed by the defendant to this court

based on diversity jurisdiction. Defendant states, in its Notice of Removal, that this court has

jurisdiction because, even though plaintiffs do not seek damages in their petition, they claim that

the value of their 500 acres will be greatly reduced in value by the crossing closing. Defendants

in conclusory fashion, assert  that the value of the closing "cannot be precisely calculated, that

real right, in addition to all damages alleged[1], meets the requisite $75,000 jurisdictional

---

[1]  The petition does not ask for any damages, only costs and attorney fees.

1

minimum" [footnote added].

Plaintiffs move to remand asserting that defendants have failed in their burden to prove jurisdiction. Further, plaintiffs assert that this is an injunction case and plaintiffs are not seeking any damages. Plaintiff ssuggest, therefore, that the amount in controversy should be measured by "the value of the object of the litigation".  Defendant agrees that that is, in fact, the legal test.

<u>Analysis</u>

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages. <u>Allen v R & H Oil and Gas Co.</u>, 63 F.3d 1326 (5th Cir. 1995).  Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount.  <u>St. Paul Mercury Indemnity Co. v. Red Cab. Co.</u>, 58 S. Ct. 586 (1938).  Where a specific amount of damages is not set forth, the legal certainty test is not applicable.  Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  <u>De Aguilar v. Boeing Co.</u>, 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought. La. Code Civ. P., Art. 893.  In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. <u>De Aguilar</u> I, supra.  The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above

$75,000, or (2) "by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." Allen, 63 F.3d at 1335. See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute for example, that prohibits recovery of more than the amount sought. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with the petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75, 000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra. While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is not "facially apparent", at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra. See also, (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal. Allen, 63 F.3d at 1335.

Plaintiffs' petition does not allege entitlement to any damages, only penalties and attorney fees. The petition asserts that plaintiffs are entitled to an injunction, as described above.

It is not facially apparent from the petition that the amount in dispute meets the jurisdictional requirements. See Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

3

Compare Luckett supra, and Gebbia, supra.  Therefore, defendant must show by a preponderance of other evidence that the amount in dispute is more than $75,000.

Plaintiffs and defendants are correct in suggesting that when an action demands declaratory or injunctive relief, the amount in controversy is measured by "the value of the object of the litigation". Hunt v. Washington State Apple Adv. C., 97 S.Ct.2434 (1977); Garcia v. Koch Oil Company of Texas, Inc., 351 F.3d 636 (5th Cir. 2003). Costs or damages which are collateral to the true object of the litigation, however, should not be included in the computation of the amount in dispute. Garcia, supra.

In this case, the true object of the litigation is a mandatory injunction ordering the defendant to promptly restore the crossing. The value of the claim, viewed from plaintiffs' perspective, is the value of the inconvenience cause by the closure. Although the railroad implies in brief that the court should consider the value to it of not having the crossing, the 5th Circuit has made clear that the amount in controversy is to be viewed from plaintiff's perspective. Garcia, supra, at 640, fn 4.

Defendant sets forth in its brief only that the value of the 500 acres being diminished in value "is likely sufficient" to meet this court's requisite jurisdictional amount, $75,000. However, in its notice of removal, defendant admits that  value "cannot be precisely calculated" but concludes, without supporting evidence in the form of affidavits, appraisals, or otherwise, that the jurisdictional limits are met.  While value "greatly reduced" as applied to 500 acres of agricultural land in Natchitoches Parish could, perhaps, be more than $75,000, for this court to so conclude would be mere speculation.

However, defendant's argument misses the point. For even though plaintiffs did state, in

4

passing, in their complaint, that the value of the land would be greatly reduced if the crossing remains closed, they did not seek compensation for that fact. Rather, they seek injunctive relief only. As I stated above, the value of the object of this litigation is the value to plaintiffs of the inconvenience of having the crossing closed, not the value of the potential diminution in value of the land on account of the closing, for which they did not sue.

Neither has defendant supported its argument that attorney fees should be included in the amount in dispute just because plaintiffs sued for them. Both plaintiffs and defendant admit that there is no basis for the recovery of attorney fees in this case.

Finally, defendant suggests that, because plaintiffs have not stipulated to the amount in controversy being less than $75,000, they can remove the case.  There is no legal basis for such an assertion; such is simply not the law.[2]

The defendant has failed in its burden to demonstrate that the amount in dispute, that is, the value of the object of this litigation, exceeds $75,000.   For these reasons, plaintiffs' Motion to Remand, should be GRANTED and this case should be remanded t the 10th Judicial District Court, Natchitoches, Parish, Louisiana.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of

---

[2]  See discussion, supra, at p. 3 regarding stipulations.

filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Alexandria, Louisiana, November 16, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE